**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Gregori Villamizar,<br><br>                         Plaintiff,<br><br>      -v-<br><br>Zen Restoration Inc.,<br><br>                    Defendant. | Civ. Action #:<br><br>**Complaint**<br><br>**Date Filed:**<br><br>**Jury Trial Demanded** |

       Plaintiff Gregori Villamizar, ("plaintiff" or "Villamizar"), by Abdul Hassan Law Group, PLLC, his attorneys, complaining of the defendant Zen Restoration Inc. ("defendant" or "Zen Restoration"), respectfully alleges as follows:

## NATURE OF THE ACTION

1.  Plaintiff alleges, that she was employed by defendant and pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216 (b), that he is: (i) entitled to unpaid overtime wages from defendant for working more than forty hours in a week and not being paid an overtime rate of at least 1.5 times his regular rate for such hours over forty in a week; (ii) entitled to maximum liquidated damages and attorneys' fees pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. including 29 U.S.C. §§ 216(b).

2.  Plaintiff further complains pursuant to New York Labor Law, that he is: (i) entitled to unpaid overtime wages from defendant for working more than forty hours in a week and not being paid an overtime rate of at least 1.5 times his regular rate for such hours over forty in a week, (ii) is entitled to maximum liquidated damages and attorneys' fees, pursuant to the New York Minimum Wage Act ("NYMWA"), N.Y. Lab. Law§§ 650 et seq., including NYLL § 663, and the regulations thereunder.

3.  Plaintiff is also entitled to recover his unpaid wages, and unlawful wage deductions, under Article 6 of the New York Labor Law including Section 191, 193, and maximum compensation for not receiving notices and statements required by 195, under Article 6 of the

New York Labor Law and is also entitled to maximum liquidated damages, interest, and attorneys' fees pursuant to Section 198 of the New York Labor Law.

## JURISDICTION AND VENUE

4.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over plaintiff's state law claim pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over plaintiff's claim under the Fair Labor Standards Act pursuant to 29 U.S.C. § 216 (b).

5.  Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) and/or 29 U.S.C. § 216 (b).

6.  This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 2202.

## THE PARTIES

7.  Plaintiff Gregori Villamizar ("plaintiff" or "Villamizar") is an adult, over eighteen years old, who currently resides in Queens County in the State of New York.

8.  Upon information and belief and at all times relevant herein, Zen Restoration Inc. ("defendant" or "Zen Restoration"), was a New York for-profit corporation with its pace of business located at 273 Russell Street, Brooklyn, NY 11222, where plaintiff was employed.

## STATEMENT OF FACTS

9.  Upon information and belief, and at all relevant times herein, defendant was engaged in the renovation and restoration within the New York State. See http://www.zengeneral.com

10. Upon information and belief, and at all relevant times herein, defendant employed more than approximately 200 employees.

11. Upon information and belief, and at all times relevant herein, plaintiff was employed by defendant from in or around August 2013 to on or about May 21, 2015.

12. At all times relevant herein, plaintiff was employed by defendant as a construction worker/laborer and plaintiff performed all duties within this capacity including painting, plastering etc.

13. At all times relevant herein; 1) plaintiff was supervised and his work was directed by defendant, 2) plaintiff used defendant's tools, equipment and materials to perform work for defendant, 3) plaintiff was hired and fired by defendant, 4) plaintiff worked on a full-time basis for defendant, 5) plaintiff's work schedule was set by defendant, 6) plaintiff worked at defendants' place(s) of business, and 7) plaintiff was never in business for himself during his employment with defendant.

14. At all times relevant herein, plaintiff was paid at a regular rate of $20 an hour for all hours worked in each week, including his overtime hours - it appears that defendant incorrectly classified plaintiff as overtime exempt and did not pay him required overtime wages as a result.

15. Upon information and belief, and at all times relevant herein, plaintiff worked approximately 54-60 hours each week; 9-10 hours a day, 6 days a week.

16. Plaintiff's hours worked and wages paid will be refined after defendant produces employment, time and wage records it was required to keep under the FLSA and NYLL.

17. Plaintiff incorporates herein, accurate records of his time, wages and employment that defendant was required to keep pursuant to the FLSA and NYLL.

18. At all times relevant herein, defendant did not provide plaintiff with the notice(s) required by NYLL 195(1).

19. At all times relevant herein, defendant not provide plaintiff with the statement(s) required by NYLL 195(3).

20. Upon information and belief and at all times relevant herein, defendant had annual revenues and/or expenditures in excess of $500, 000. Plaintiff references and incorporates herein,

accurate copies of records of defendant's business volume and revenues as well as business operations and commerce that defendant was required to keep and maintain under the FLSA including under 29 CFR 516.

21. Upon information and belief and at all times relevant herein, defendant used and purchased equipment and materials from vendors outside the State of New York and from a variety of sources after traveling in interstate and/or foreign commerce.

22. At all times applicable herein, defendant conducted business with vendors and other businesses outside the State of New York.

23. At all times applicable herein and upon information and belief, defendant conducted business outside the State of New York involving construction materials and services.

24. Defendant as a regular part of its business, makes payment of taxes and other monies to agencies and entities outside the State of New York.

25. Defendant as a regular part of its business, engaged in credit card transactions involving banks and other institutions outside the state of New York.

26. At all times applicable herein and upon information and belief, defendant transacted business with insurance companies, banks and similar lending institutions outside the State of New York.

27. At all times applicable herein and upon information and belief, defendant utilized the instrumentalities of interstate commerce such as the United States mail, electronic mail and telephone systems.

28. All times applicable or relevant herein as to the FLSA overtime claim refers to <u>at least</u> the two-year and three-year period preceding the filing of this complaint but this period may be longer.

29. All times applicable or relevant herein as to the NYLL overtime claim refers to <u>at least</u> the six-year period preceding the filing of this complaint but this period may be longer.

30. At all times relevant herein and for the time plaintiff was employed by defendant, defendant failed and willfully failed to pay plaintiff an overtime rate of one and one half times his regular rate of pay for all hours worked in excess of forty hours in a week for each week in which such overtime was worked.

31. Upon information and belief, and at all relevant times herein, defendant failed to display federal and state minimum wage/overtime posters.

32. Upon information and belief, and at all relevant times herein, defendant failed to notify plaintiff of his federal and state minimum wage and overtime rights and failed to inform plaintiff that he could seek enforcement of such rights through the government enforcement agencies.

33. "plaintiff" as used in this complaint refers to the named plaintiff.

34. The "present" or the "present time" as used in this complaint refers to the date this complaint was signed.

## AS AND FOR A FIRST CAUSE OF ACTION
## FAIR LABOR STANDARDS ACT - 29 U.S.C 201 et Seq.

35. Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 34 above as if set forth fully and at length herein.

36. At all times relevant to this action, plaintiff was employed by defendant within the meaning of the FLSA – 29 USC § 201 et Seq.

37. At all times relevant to this action, plaintiff was engaged in commerce and/or in the production of goods for commerce and/or defendant constituted an enterprise(s) engaged in commerce within the meaning of 29 U.S.C. § 207.

38. At all times relevant herein, defendant transacted commerce and business in excess of $500,000.00 annually or had revenues in excess of $500,000.00 annually.

39. At all times relevant herein, defendant <u>failed</u> and <u>willfully failed</u> to pay plaintiff overtime compensation at rates not less than one and one-half times his regular rate of pay for each hour worked in excess of forty hours in a week, in violation of 29 U.S.C. § 207.

**<u>Relief Demanded</u>**

40. Due to defendant's FLSA overtime violations, plaintiff is entitled to recover from defendant, his unpaid overtime compensation, maximum liquidated damages, attorneys' fees, and costs of the action, pursuant to 29 U.S.C. § 216(b).

**<u>AS AND FOR A SECOND CAUSE OF ACTION</u>**
**<u>NYLL 650 et Seq. (Unpaid Overtime)</u>**

41. Plaintiff alleges, and incorporates by reference the allegations in paragraphs 1 through 39 above as if set forth fully and at length herein.

42. At all times relevant to this action, plaintiff was employed by defendant within the meaning of the New York Labor Law, §§ 2 and 651 and the regulations and wage orders thereunder including 12 NYCRR § 142.

43. At all times relevant herein, defendant <u>failed</u> and <u>willfully failed</u> to pay plaintiff overtime compensation at rates not less than 1.5 times his regular rate of pay for each hour worked in excess of forty hours in a work week, in violation of the New York Minimum Wage Act and its implementing regulations and wage orders. N.Y. Lab. Law §§ 650 et seq., including 12 NYCRR § 142-2.2.

**<u>Relief Demanded</u>**

44.  Due to defendant's New York Labor Law violations, plaintiff is entitled to recover from defendant, his unpaid overtime compensation, prejudgment interest, maximum liquidated damages, reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor L. § 663(1).

## AS AND FOR A THIRD CAUSE OF ACTION
### (NYLL § 190, 191, 193, 195 and 198)

45. Plaintiff alleges, and incorporates each and every allegation contained in paragraphs 1 through 44 above with the same force and effect as if fully set forth at length herein.

46. At all times relevant to this action, plaintiff was employed by defendant within the meaning of the New York Labor law, §§ 190 et seq., including §§ 191, 193, 195 and 198 and the applicable regulations thereunder.

47. Defendant violated and willfully violated NYLL §§ 190 et seq., including §§ 191, 193 and 198, by failing to pay plaintiff all his overtime wages, (FLSA and NYMWA) and his non-overtime wages, as required under NY Labor Law § 190 et seq.

48. Plaintiff seeks to recover from defendant, all expenses he incurred and all compensation, contributions and benefits lost as a result of defendant's misclassification of him as an independent contractor.

49. At all times relevant herein, defendant failed and willfully failed to provide plaintiff with the notice(s) required by NYLL § 195(1) – plaintiff is therefore entitled to and seeks to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL § 198 including NYLL § 198(1-b), as well as an injunction directing defendant to comply with NYLL § 195(1).

50. At all times relevant herein, defendant failed and willfully failed to provide plaintiff with the statement(s) required by NYLL § 195(3) – plaintiff is therefore entitled to and seeks to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL § 198 including NYLL § 198(1-d), as well as an injunction directing defendants to comply with NYLL § 195(1).

## Relief Demanded

51. Due to defendant's New York Labor Law Article 6 violations including violation of sections 191, 193 and 198, plaintiff is entitled to recover from defendant, his entire unpaid wages, including his overtime wages, (FLSA and NYMWA) and non-overtime wages, wage deductions, maximum liquidated damages, all expenses he incurred and all compensation, contributions and benefits lost, prejudgment interest, maximum recovery for violations of NYLL § 195(1) and NYLL § 195(3), reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including § 198.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following relief:

52. Declare defendant (including its overtime, wage payment policy and practice and misclassification of plaintiff), to be in violation of the rights of plaintiff, under the FLSA and New York Labor Law – 12 NYCRR § 142, and Article 6 of the NYLL – NYLL § 190 et Seq. Issue a declaratory judgment that plaintiff at all relevant times was an employee of defendant, under the Internal Revenue Code, including the Federal Insurance Contributions Act, as well as under the FLSA and NYLL.

53. As to the **First Cause of Action**, award plaintiff his unpaid overtime wages due under the FLSA, together with maximum liquidated damages, costs and attorneys' fees pursuant to 29 USC § 216(b);

54. As to the **Second Cause of Action**, award plaintiff his unpaid overtime wages due under the New York Minimum Wage Act and the Regulations thereunder including 12 NYCRR §§ 142-2.2, together with maximum liquidated damages, prejudgment interest, costs and attorney's fees pursuant to NYLL § 663;

55. As to the **Third Cause of Action**, award plaintiff any and all outstanding wages, including his entire unpaid wages, including his overtime wages, (FLSA and NYMWA) and non-overtime wages, wage deductions, maximum liquidated damages, all expenses he incurred and all compensation, contributions and benefits lost, prejudgment interest, maximum recovery for violations of NYLL § 195(1) and NYLL § 195(3), reasonable attorneys' fees,

and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including § 198.

56. Award plaintiff, any relief requested or stated in the preceding paragraphs but which has not been requested in the WHEREFORE clause or "PRAYER FOR RELIEF", in addition to the relief requested in the wherefore clause/prayer for relief;

57. Award plaintiff such other, further and different relief as the Court deems just and proper.


Dated: Queens Village, New York
        October 6, 2015


Respectfully submitted,


Abdul Hassan Law Group, PLLC

/s/ Abdul Hassan _____
By: Abdul K. Hassan, Esq. (AH6510)
*Counsel for Plaintiff*
215-28 Hillside Avenue, Queens Village, NY 11427
Tel: 718-740-1000 -Fax: 718-740-2000
Email: abdul@abdulhassan.com